UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
SEATTLE DIVISION

DAVID STEBBINS                                              PLAINTIFF

VS.                              CASE NO. C11-1362 JCC

MICROSOFT, INC.                                             DEFENDANTS

### MOTION TO CONFIRM ARBITRATION AWARD

Comes now, *pro se* Plaintiff David Stebbins, who hereby submits the following motion to confirm an arbitration award against Microsoft, Inc., headquartered at 1 Microsoft Way in Redmond, WA 98052. The award is in the amount of $500,000,000,000.00.

Before I continue, allow me to point out that this court does not have the authority to deny this motion to confirm an arbitration award *sua sponte*. Under 9 U.S.C. § 9, the court unequivocally *must* grant a motion to confirm an arbitration award unless it is first vacated or modified as prescribed by §§ 10 and 11. There is nothing malleable about "must grant," and § 9 carries no hint of flexibility in this regard. See *Hall Street Associates, L.L.C. v. Mattel, Inc.*, 552 U.S. 576 (2008).

9 U.S.C. § 10 states that a court can vacate an arbitration award "upon application of any party to the arbitration." It does not give the courts the authority to vacate an arbitration award "on its own motion." Because *Hall Street* compares a reading of §§ 10 and 11 and exclusive, that means that there is no sua sponte authority to deny confirmation of an arbitration award.

Another way to look at this is that vacation of an arbitration award is an affirmative defense to its confirmation, not something the lack of which the proponents of the arbitration must prove.

Just like any other affirmative defense, it is waived if it is not asserted. See Fed. R. Civ.



11-CV-01362-CMP

P. Rule 8(b)(6) ("An allegation... is admitted if a responsive pleading is required and the allegation is not denied."). See also Fed. R. Civ. P. Rule 8(c)(1), "In responding to a pleading, a party *must affirmatively* state any avoidance or affirmative defense."

Therefore, this court cannot raise affirmative defenses sua sponte, unless they pertain to a lack of this court's jurisdiction. The Respondents in this case must assert their own defenses, and if they all fail, then their defense must fail, altogether, even if the court plainly sees another defense. In fact, absent a motion to vacate or modify an arbitration award, confirmation of an arbitration award should be a purely ministerial act. It should be no more the judge's discretion whether or not to confirm an award, until a motion to vacate or modify the same is present, than it is a court clerk's discretion to *docket* that motion. In fact, absent a motion to vacate or modify the award, confirmation of arbitration award can be accomplished entirely over the Internet, using a completely computer-automated system, without any of the respondents' rights being prejudiced; if the respondent does not agree with the confirmation of the arbitration award, they can move to vacate or modify it, simple as that.

Now that I have gotten that out of the way, allow me to continue with the merits of the case.

I have a contract with Microsoft for the use of Xbox Live services, an online video gaming service for their Xbox 360 video game console. On May 6, 2011, I submitted a notice to the Defendants showing that I was unilaterally amending the terms of service, and that these amendments would take effect within ten days, on May 16, 2011. If they did not wish to accept the new contract, they must terminate my Xbox Live membership.

It is at this point that I should point out that I will not be presenting any exhibits in paper format. To do so would put an undue strain on my printer. If it is not too much of an

inconvenience, I wish to simply provide a link to a webpage. This webpage will feature a video where I show all of the facts which I assert in this motion. Where appropriate, I will point to the exact second in the video where you can see the proof that I am providing. For the purposes of this motion, this video will be referred to as simply "the evidence video."

Here is the link to the evidence video:

http://www.youtube.com/watch?v=-l2aAPSjsII

As you can see at the beginning of the evidence video, this unilateral amendment including, among other things, the following provisions:

1. We agree to refer *all* legal disputes between us – even those not related to this contract – to binding arbitration, using the services of either the American Arbitration Association, the National Arbitration Forum, or www.net-arb.com.

2. A "forfeit victory clause," as I like to call it, that states that, if I send them an invitation to arbitrate a dispute, and they do not accept the invitation within 24 hours of receiving it, I automatically win, regardless of the merits of the controversy, and without even having to go to arbitration.

As you might have guessed, the Defendants did not terminate my Xbox Live membership within the ten day time limit. In fact, to this day, they still have yet to terminate it, as I can still log onto my Xbox Live account on a PC, as you can see at 28 seconds into the evidence video. I need an Xbox 360 and a TV to play games using the Xbox Live service, but I can still view various statistics and modify certain things about my account using a PC.

Therefore, they have accepted the new contract.

This is a common and well-established method of changing a contract. For example, an employer will often post a notice on a bulletin board, announcing a change to the terms of

employment, which will take effect in two weeks time, and if the employees do not resign within that time limit, they will become bound by these new terms. It does not matter whether or not the employees ever saw the notice; what matters is that it was *there*.

This is widespread in many types of contracts, especially those that, like employment, are at-will and can be terminated at any time by either party. Other examples of this happening commonly include, but are not limited to, landlords changing the terms of tenants' lease agreement, and tenants accept the new term by not vacating the apartment, websites changing their terms of service, and consumers accept these new terms by continuing to use the website, and credit card companies modifying the credit card contract, and debtors accept the new terms by making charges on the credit card after the terms take effect.

Furthermore, not only is this a common method of accepting a contract, but it is also quite common for these unilateral amendments to include arbitration provisions.

*This* case, which I am bringing right now, is only novel in one issue: Role reversal. Instead of the business doing this to the consumer, the consumer is doing it to the business. That is the only difference between this case and the many others that we often take for granted, nothing more.

Therefore, the contractual amendment is valid, plain and simple. Of course, remember that, if this court disagrees, they are not at liberty to raise this issue, themselves, as vacation of an arbitration award cannot be done *sua sponte*, as I have previously stated.

That being said, on May 18, 2011, I submitted an invitation to arbitrate a legal dispute to the Defendants and demanded $500,000,000,000.00 in damages, as you can see at 41 seconds into the evidence video.

As you probably guessed, the Defendants did not accept the invitation to arbitrate within

24 hours of receiving it. Therefore, I automatically won on May 19, 2011, per the forfeit victory clause.

Wherefore, premises considered, I respectfully pray that the arbitration award against Microsoft, Inc. in the amount of $500,000,000,000.00 be confirmed, and all costs incurred be awarded. It is so requested on this 8th day of August, 2011.

*[signature]*
David Stebbins
1407 N Spring Rd,
APT #5
Harrison, AR 72601
870-204-6024
stebbinsd@yahoo.com

### CERTIFICATE OF SERVICE

I, *pro se* Plaintiff David Stebbins, hereby certify under penalty of perjury that a true and correct copy of my motion to confirm an arbitration award was served on the defendants by mailing a copy thereof to 1 Microsoft Way, Redmond, WA 98052 on the 8th day of August, 2011.

This is a legally valid service, in this case. 9 U.S.C. § 9 states that, as long as the adverse party is a resident of the state in which the award was obtained (which, as you can see from the evidence video, was supposed to be in Seattle), then I may serve the adverse party with a motion to confirm the arbitration award in a like manner to other motions. If the adverse party lives elsewhere, *then* I must serve them in a like manner of serving process. Therefore, this service is legally valid under Fed. R. Civ. P. Rule 5(b)(2)(C).

*[signature]*
David Stebbins
1407 N Spring Rd,
APT #5
Harrison, AR 72601
870-204-6024
stebbinsd@yahoo.com