IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON

DAVID STEBBINS                                                                                    PLAINTIFF

VS.                                              CASE NO 11-1362

MICROSOFT, INC.                                                                               DEFENDANTS

### AMENDED COMPLAINT

Comes now, pro se Plaintiff David Stebbins, who respectfully submits the following amended pleading, which I am entitled to do once as a matter of course, pursuant to Fed. R. Civ. P. Rule 15(a)(1).

I respectfully submit the following motion to confirm two arbitration awards in the collective amount of $1,500,000,000,000.00.

Before I continue, allow me to point out that this court does not have the power to deny confirmation of an arbitration award sua sponte. 9 U.S.C. § 9 states that a court unequivocally *must* grant a motion to confirm an arbitration award, unless it is first vacated or modified as prescribed by §§ 10 and 11. There is nothing malleable about "must grant," and § 9 carries no hint of flexibility in this regard. See *Hall Street Associates, L. L. C. v. Mattel, Inc.*, 552 U.S. 576 (2008).

9 U.S.C. § 10 states that a court can vacate an arbitration award "upon application of any party to the arbitration." It does not give the courts authority to vacate an arbitration award on its own motion. Because *Hall Street* compels a reading of §§ 10 and 11 as exclusive, that means that a court cannot infer *sua sponte* authority that is not written into the plain text of the statute.

See *George v. Ospalik*, 299 Ill. App. 3d 888 (3rd Dist. 1998), where the Illinois Court of Appeals reversed a trial court's sua sponte confirmation of an arbitration award, for no other reason than, there is no law *giving* the court any *sua sponte* authority in that respect. Remember, laws are libertarian by default; a court can only exercise powers that are expressly given to it by an Act of Congress. If the statute does not authorize something, then it may as well be expressly prohibited.

Another way to look at this is to look at vacation of an arbitration award as an affirmative defense.  Like any other affirmative defense, a court cannot raise it *sua sponte* unless it pertains to a lack of the court's jurisdiction, even if the defense is plainly obvious to the court.  See Fed. R. Civ. P. Rule 8(c)(1), "In responding to a pleading, a party *must affirmatively* state any avoidance or affirmative defense."

Therefore, this court is plainly without authority to deny a motion to confirm an arbitration award, unless a motion to vacate or modify the award is present.  In fact, absent a motion to vacate or modify, confirmation of an arbitration award should be a purely ministerial act.  It should be no more the judge's discretion whether or not to grant an unopposed motion to confirm an arbitration award than it is within a clerk's discretion to docket that motion.

Now that I have gotten that issue out of the way, I will now address the merits of the case:

**Facts**

I hereby make the following assertions of fact:

1. I have a contract with the Defendants for the use of one of their services called Xbox Live, an online video game service for the Xbox 360 video game console.
2. On May 6, 2011, I sent a notice to the Defendants, via email.  See Exhibit A.
3. As you can see from Exhibit B, the notice contained the following pertinent information:
    (a) I was modifying the terms of the Xbox Live contract.
    (b) The changes would take effect in ten days.
    (c) If the Defendants did not wish to accept these new terms, they must terminate my Xbox Live account within ten days.  This is a perfectly valid method of contract acceptance, for reasons that I will explain in a minute.
    (d) We must refer all legal disputes between us, even those that are not related to this contract, to binding arbitration, using the services of either the American Arbitration

Association, the National Arbitration Forum, or www.net-arb.com.

(e) They only have 24 hours to respond to the invitation to arbitrate, rather than 30 days.

(f) A "forfeit victory clause," as I like to call it, that states that, in the event that they do not respond within 24 hours, I automatically win, regardless of the merits of the case, and without us even having to go to arbitration. In this case, the invitation to arbitrate, which was ignored by the Defendants, stands in for the arbitration award, as required by 9 U.S.C. § 13(b).

4. As you can see, everything below those terms are censored, as the arbitrator must decide the validity of all of those provisions.

5. As you may have guessed, the Defendants have not terminated my Xbox Live account. In fact, even to this day, I can still log onto my account. See Exhibit C (I need an Xbox 360 and a TV to play video games using the Xbox Live service, but I can still check various statistics and modify certain portions of the account using a regular computer).

6. On May 18, 2011, two days after the new amendment to the Xbox Live contract took effect, I sent an invitation to arbitrate to the Defendants. See Exhibit D.

7. The arbitration, in that case, called for $500,000,000,000.00 in damages. See Exhibit E.

8. As you may have guessed, the invitation to arbitrate was completely ignored. If the Defendants disagree with this, they may state so in their response to this motion.

9. On May 24, 2011, I sent the Defendants *another* invitation to arbitrate. See Exhibit F.

10. This arbitration called for $1,000,000,000,000.00 in damages. See Exhibit F.

11. As you may have guessed, the Defendants have also completely ignored this arbitration, as well. If the Defendants disagree with this, they may state so in their response to this motion.

**Law**

I hereby make the following arguments of law:

1. The contract amendment was validly entered into. This is a common method of changing a contract. For example, employers will often post notices on bulletin boards, changing the terms of employment. If the employees do not wish to accept the new terms, they must resign from the company within some time frame, such as fourteen days. This is a perfectly valid way of accepting a contract. It does not matter whether or not the employees actually *saw* the notice; what matters is that it was *there*.

2. Other examples of this sort of thing happening include, but are not limited to, the following:

    (a) Landlords posting notices of changes to an apartment lease agreement on tenants' doors, and tenants accept these new changes by not vacating the apartment.

    (b) Websites changing their terms of service for account-holders, and the account-holders accept the new terms by continuing to use the website.

    (c) Credit card companies sending unilateral amendments to the credit card debtors, and the debtors accept these new terms by making charges to the credit card after the changes take effect.

3. Not only are these sort of contractual amendments perfectly legally valid, but it is quite common for these unilateral amendments to possess arbitration clauses that were absent from the original contract.

4. This case is novel in only one way: Role reversal. Instead of the company doing this to the individual, it is the individual doing it to the company. However, I never saw any law that said that this method of changing a contract *can't* work in a role reversal context.

5. The enforceability of the forfeit victory clause must be decided by the arbitrator, as this effectively amounts to a change in arbitration procedure, which must be decided by the arbitrator.

6. If the Defendants do not wish to file an arbitration against me to determine the validity of

the forfeit victory clause, then I am entitled to have both arbitration awards – in the collective amount of $1,500,000,000,000.00 – confirmed in a ministerial fashion.

Wherefore, premises considered, I respectfully pray that you confirm both arbitration awards, award costs incurred, and other relief that the court finds appropriate.  It is so requested on this 19th day of August, 2011.

/s/ David Stebbins
David Stebbins
1407 N Spring Rd,
APT #5
Harrison, AR 72601
870-204-6024
stebbinsd@yahoo.com

CERTIFICATE OF SERVICE

I, *pro se* Plaintiff David Stebbins, hereby certify that a true and correct copy of my amended complaint (excluding exhibits, as they can still view them on Pacer without too much trouble, but to print these out for them would put my printer under undue strain) was served on the Defendants by mailing a copy to 1 Microsoft Way, Redmond, WA 98052, on the 20th day of August, 2011.

/s/ David Stebbins
David Stebbins
1407 N Spring Rd,
APT #5
Harrison, AR 72601
870-204-6024
stebbinsd@yahoo.com
