UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON

DAVID STEBBINS                                                                               PLAINTIFF

VS.                                          CASE NO. 11-1362

MICROSOFT CORPORATION                                                        DEFENDANT

## SUPPLEMENT TO MOTION TO CONFIRM ARBITRATION AWARD

Comes now, *pro se* Plaintiff David Stebbins, who respectfully submits the following supplement to my motion to confirm arbitration awards in the cumulative amount of $1,500,000,000,000.00 against Defendant Microsoft Corporation.

As the amended pleading shows, I have two arbitration awards that were obtained via forfeit victory clauses within the contract containing the arbitration agreement. The latter of these two forfeit victories was obtained on May 25, 2011. The Defendants became time-barred from challenging the award on May 26, 2011.

It has recently come to my attention that the Court might have a few problems, largely consisting of the format the arbitration award takes, and whether or not the arbitration agreement in question was even binding to begin with. I now wish to take this opportunity to quell those thoughts which I know this Court has.

**All challenges except nonexistence of arbitration agreement are time-barred.**

In the case of *MCI Telecomms. Corp. v. Exalon Indus. Inc.*, 138 F.3d 426, 429 (1st Cir. 1998), the United States Court of Appeals for the First Circuit held that the FAA is not triggered until there is an agreement to arbitrate. However, they also stated "Of course, if a court later determines that an arbitration agreement was in effect, and that the non-appearing party was bound by its conditions, the FAA would then fully come into operation, including the time limitations of section 12."

*MCI* is the leading case on that side of the circuit split (the side that holds that the time limits are not triggered until there is an agreement to arbitrate).

Therefore, any challenges to the arbitration award, other than the nonexistence of an arbitration agreement, are either time-barred, or moot anyway because the nonexistence of an arbitration agreement would render unnecessary the consideration of any further challenges. Either way, the Court would merely be wasting taxpayer resources entertaining a challenge to the arbitration award on absolutely any other grounds.

Now that I have gotten that out of the way, let me go on to the big fish...

**Even challenges to the existence of an arbitration award are time-barred in Washington.**

While the First Circuit has held that the FAA is not triggered until there is an agreement to arbitrate, the State of Washington has held the exact opposite.

I cite the case of *MBNA America Bank, N.A. v. Miles*, 140 Wn. App. 511, 514, 164 P.3d 514 (2007), a case from the Court of Appeals of the State of Washington, which is binding on this Court in this case. See *Erie Railroad Co. v. Tompkins*, 304 U.S. 64 (1938) (holding that state case law is binding on federal courts in diversity cases).

In that case, Robert Miles was subject to arbitration which he did not believe he agreed to. However, rather than timely seeking a court order to vacate the arbitration award and enjoin future arbitrations, he simply waited for MBNA America Bank to move to confirm it. It was only at that point that he came waltzing in at the eleventh hour and stated that he never agreed to arbitration.

The Court of Appeals of the State of Washington, however, held that Miles was time-barred from bringing his claim, even when his claim was one of jurisdiction.

To the best of my knowledge, the Supreme Court of the State of Washington either

declined to hear the case, or summarily dismissed it for reasons other than the merits. Either way, this Appellate Court case law is still the law of the land in Washington, and was even cited as binding precedent in a brief filed as recently as 2010. A copy of that brief is being included as Exhibit A for you to conveniently review.

Therefore, even on the grounds of nonexistence of an arbitration agreement, the Defendants are time barred, and this Court's hands are tied.

Wherefore, premises considered, I respectfully pray that the arbitration awards be confirmed in their entirety.

/s/ David Stebbins  
David Stebbins  
1407 N Spring Rd,  
APT #5  
Harrison, AR 72601  
870-204-6024  
stebbinsd@yahoo.com

CERTIFICATE OF SERVICE

I, *pro se* Plaintiff David Stebbins, hereby pledge under penalty of perjury to serve the Defendants with a copy of this supplement in the event that they appear in the proceedings.

/s/ David Stebbins  
David Stebbins  
1407 N Spring Rd,  
APT #5  
Harrison, AR 72601  
870-204-6024  
stebbinsd@yahoo.com