

FILED
COURT OF APPEALS DIV. #1
STATE OF WASHINGTON

2010 JAN 22   PM 2:43

Appeal No. 63642-1-I

# IN THE COURT OF APPEALS FOR THE STATE OF WASHINGTON, DIVISION I

---

FIA CARD SERVICES, N.A.

Respondent

V.

VALENTINA KISELEV

Appellant

APPEAL FROM KING CASE NO. 09-2-15667-1SEA

---

## RESPONDENT'S BRIEF

---

FIA CARD SERVICES, N.A.
c/o Suttell & Hammer, P.S.
1450-114[th] Ave SE, #240
Conifer Bldg.
Bellevue, WA 98004
425-455-8220
888-788-8355
425-454-7884 FAX
nick@suttelllaw.com

**TABLE OF CONTENTS**

I.       INTRODUCTION...............................................1

II.      STATEMENT OF CASE...........................................................1

III.     ARGUMENT....................................................3

    A. Appellant was Time Barred from Vacating the Arbitration Award and Thus the Court Did Not Err in Confirming the Award .....................................3

        1. Appellant was Time Barred from Vacating the Arbitration Award under RCW Chapter 7.04A.................................................................4

        2. Appellant was Time Barred from Vacating the Arbitration Award under Federal Law.........6

        3. The Court Did Not Err in Confirming the Arbitration Award...............................7

    B. Appellant was Not Denied her Due Process Rights under the Fifth and Fourteenth Amendments of the Constitution or Denied Access to the Court..............9

    C. Respondent is Entitled to Recover It's Attorney's Fees Pursuant to RAP 14.2, RAP 18.1, RCW 7.04A.250 and It's Credit Card Agreement ...............................11

IV.     CONCLUSION...............................................12

# TABLE OF AUTHORITIES

## CASES

*Anderson v. Farmers Ins. Co. of Wash.*, 83 Wn. App. 725, 923 P.2d 713 (1996)........................................................8

*Barnett v. Hicks*, 119 Wn.2d 151, 829 P. 2d 1087 (1992)...............4

*Brooks Trust A. vs. Pacific Media L.L.C.*, 111 Wn. App. 393, 44 P.3d 938 (2002)......................................................7, 8

*Corey v. New York Stock Exchange*, 691 F.2d 1205 (6th Cir. 1982)..................................................................6

*Dougherty v. Nationwide Ins. Co.*, 58 Wn. App. 843, 795 P. 2d 166 (1990)...............................................................4, 5

*Federated Services v. Estate of Norberg*, 101 Wn. App. 119, 4 P.3d 844 (2000)......................................................5

*Florasynth Inc. v. Pickholz*, 598 F. Supp 17 (S.D.N.Y., 1984) affd. 750 F.2d 171 (2nd Cir, 1984)......................................6

*Jackson v. Metropolitan Edison Co.*, 419 U.S. 345, 95 S.Ct. 449, 42 L.Ed 2d 477 (1974)...............................................10

*Martin v. Hydraulic Fishing Supply, Inc.*, 66 Wn. App. 370, 832 P.2d 188 (1992)....................................................4, 5

*MBNA American Bank, N.A. v. Robert Miles*, 140 Wn. App. 511, 164 P.3d 514 (2007)...................................................4, 5

*Price v. Farmers Ins. Co.*, 133 Wn.2d 490, 946 P. 2d 388 (1997)..............................................................4, 8

*Romero v. Citibank USA, Nat. Ass'n*, 551 F. Supp. 2d 1010 E.D. Cal. (2008)...........................................................6

*Wash. State Coalition for the Homeless v. Dep't of Soc. & Health Servs.*, 133 Wn.2d 894, 949 P.2d 1291 (1997).......................8

**CONSTITUTION**

U.S. Const. amend. V……………………………………….......9

U.S. Const. amend. XIV...……………………………….......9

**STATUTES**

RCW 7.04A.230……………………………………….......4

RCW 7.04A.230(2)……………………………….............4, 5

RCW 7.04A.250……………………………...................11, 12

RCW 7.04.150…………………………………………….8, 9

RCW 7.04.160………………………………………….......8

RCW 7.04.170……………………………………………….8

RCW 7.04.180………………………………………......5, 8

RCW 7.04.190………………………………………….8, 9

9 U.S.C. §§ 1-16………………………………………….3

9 U.S.C. § 12………………………………………….......6

**RULES**

RAP 14.2…………………………………………...11, 12

RAP 18.1…………………………………………...11, 12

## I. INTRODUCTION

This is a simple collection case in which the appellant Valentina Kiselev (hereinafter "Appellant") seeks to avoid paying her credit card debt. Appellant does not dispute the fact that she applied for, received, used, and made payments on a credit card account issued by Respondent FIA Card Services, N.A. Instead, Appellant argues that the Court improperly confirmed an arbitration award and denied her right to Due Process. The Court properly recognized the arbitration award was valid and confirmed it. Accordingly, Respondent respectfully requests that this Court affirm the judgment, and that it be awarded its fees incurred in defending this unwarranted appeal.

## II. STATEMENT OF THE CASE

This is an action to collect the outstanding balance owed to FIA Card Services, N.A. ("FIA") on the Appellant's MBNA credit card Account ending 6685.

The records indicate the Appellant applied for an MBNA credit card and MBNA approved the issuance of an MBNA credit card. CP 1. Upon approval, MBNA mailed the Appellant the additional terms and conditions. These terms and conditions of the Appellant' account constitute MBNA's Credit Card Agreement ("Agreement") with the

Appellant. CP 6-17. The credit card agreement included provision specifically for arbitration within it. CP 12-14.

The Appellant used and derived benefit from the credit card account. CP 2. After the Appellant defaulted on her obligation to pay on the credit card for those benefits received, the Respondent filed an arbitration action with the National Arbitration Forum. CP 3. On May 21, 2008, the Appellant received notice of the arbitration. CP 4. Before these proceedings, the Appellant objected to litigation and filed multiple letters arguing that she never agreed to arbitration. CP 25-32. The Arbitrator who was appointed was the Honorable Robert C. Bibb, a retired Snohomish County Superior Court Judge. On November 3, 2008, after considering all of the evidence and pleadings submitted by the parties, an Award was issued by the Arbitrator in favor of Respondent for $37,026.87, finding that the parties had "entered into a written agreement to arbitrate their dispute." CP 5, 28. The Arbitration Award was mailed to the Appellant on November 4, 2008. CP 5, 28.

Respondent filed a Motion for Judgment on Arbitration Award with the King County Superior Court on April 20, 2009, case No.09-2-15667-1SEA. CP 1-19. At no time before Respondent's filing had Appellant filed any motion to vacate or challenge the Arbitration Award granted on November 3, 2008. On May 6, 2009, more than 6 months after the award was issued by the arbitrator, Appellant filed a Response to the

Motion for Judgment on Arbitration Award and Countermotion to Set Aside the Arbitration Award. CP 20-32.

On May 12, 2009, oral argument was held on the Motion for Judgment on Arbitration Award before Commissioner Nancy Bradburn-Johnson. At the hearing, the Commissioner noted that the Appellant never provided working copies of any of her documents filed. Transcript of hearing page 2. Following oral argument, the Commissioner ruled that the Arbitration Award was valid (Transcript of hearing page 8) and the Court granted the Respondent's Motion to confirm the Arbitration Award and entered Judgment. CP 33-35. The Appellant filed her Notice of Appeal on June 9, 2009. CP 37.

## ARGUMENT

**A.**     **Appellant was Time Barred from Vacating the Arbitration Award and Thus the Court Did Not Err in Confirming the Award.**

Appellant argues that the Court erred in confirming and entering judgment on the November 3, 2008 Arbitration Award. Appellant also argues that the Court erred in ignoring Appellant's Countermotion to Set Aside the Arbitration Award. The arbitration agreement provides that "This arbitration agreement is made pursuant to a transaction involving interstate commence, and shall be governed by the Federal Arbitration Act, 9 U.S.C. §§ 1-16("FAA")." Whether Washington's Arbitration Act or

Federal Law is applied, the Award was properly entered and properly confirmed and reduced to Judgment and is not subject to attack on the grounds set out in Appellant's brief.

1.  **Appellant was Time Barred From Vacating the Arbitration Award Under RCW Chapter 7.04A**

Arbitration in Washington is a special proceeding in which the parties' rights are defined and controlled by statute. *Price v. Farmers Ins. Co.*, 133 Wn.2d 490, 496, 946 P. 2d 388 (1997). And "the rights of the party are controlled by the statute." *Id.*; *Martin v. Hydraulic Fishing Supply, Inc.*, 66 Wn. App. 370, 372, 832 P.2d 188 (1992). Judicial scrutiny of an arbitration award is strictly limited to grounds contained in the statute. *Barnett v. Hicks*, 119 Wn.2d 151, 153-54, 829 P. 2d 1087 (1992).

Pursuant to RCW 7.04A.230, a party may move to vacate an award if there was corruption, fraud, partiality, arbitrator misconduct, arbitrator action exceeding the arbitrator's powers, or if there was no valid submission or arbitration agreement. However, RCW 7.04A.230(2) requires that any motion to vacate or modify an arbitration award must be brought within 90 days of notice of the award. This 90 day time limit is considered a statute of limitations. *See MBNA American Bank, N.A. v. Miles*, 140 Wn. App. 511, 514, 164 P.3d 514 (2007), *Dougherty v. Nationwide Ins. Co.*, 58 Wn. App. 843, 848, 795 P. 2d 166

(1990)(analyzing former RCW 7.04.180 (the precursor to RCW 7.04A.230(2))). The Court in *Dougherty* stated at page 849 that the purpose of this limit is "to expedite finality of the arbitration process . . . consistent with the overall objective of speedy resolution of disputes."

A recent case with very similar facts which is controlling is *MBNA American Bank v. Miles*. In *Miles*, the Appellant made a motion to vacate an arbitration award granted for MBNA bank after the 90 day period had run. Miles' arguments mirror those of the Appellant in this case, that the award was improper as it was procured by corruption and fraud and that a valid arbitration agreement never existed between the parties. The Court ruled in *Miles* by not filing his motion to vacate within the statutorily required 90 day period as set forth in RCW 7.04A.230(2) that the statute of limitations had run and the issue was not preserved for appeal. *Miles* at 514; *see also Dougherty* at 848, *Martin* at 372, *Federated Services v. Estate of Norberg*, 101 Wn. App. 119, 4 P.3d 844 (2000).

The plain language of the statute and the Court's consistent interpretation as seen in the *Miles, Dougherty, Martin*, and *Federated Services* cases makes it crystal clear that the 90 day deadline is mandatory and any motion to vacate not made within 90 days of notice of the arbitration award is time barred.

Here, during the 90 day period after the Appellant received notice of award against her, Appellant elected not to file a single motion in state

court to vacate the arbitration award. Appellant only chose to file a motion to vacate the award on May 6, 2009 in response to Respondent's petition to have the award confirmed. This filing occurred six months after Appellant received notice of the arbitration award and three months after the 90 day mandatory deadline had passed. Appellant was simply too late under Washington law to make a motion to set aside the Arbitration Award; the Court properly granted the Respondent's Motion to Confirm and Judgment was properly entered and did not err in denying Appellant's Countermotion to Dismiss the Award.

## 2.   Appellant was Time Barred from Vacating the Arbitration Award under Federal Law

If the appellant argues that Federal Law should apply, the Federal Arbitration Act requires that any action to vacate the arbitration award must be commenced within three months of the entry of the award. 9 U.S.C. § 12. If a motion or action to vacate the award is not made within this three month period, then it is time barred. *See Florasynth Inc. v. Pickholz*, 598 F. Supp 17 (S.D.N.Y., 1984) affd. 750 F.2d 171, 175 (2nd Cir, 1984)("[a] party may not raise a motion to vacate, modify, or correct an arbitration award after the three month period has run, even when raised as a defense to a motion to confirm."), *Romero v. Citibank USA, Nat. Ass'n*, 551 F. Supp. 2d 1010 E.D. Cal. (2008), *Corey v. New York Stock Exchange*, 691 F.2d 1205, 1213 (6th Cir. 1982)( "[t]he three month

notice requirement of section 12 for appeal of an award on section 10 or 11 grounds [would be] meaningless if a party to the arbitration proceeding [could] bring an independent action asserting such claims outside of the statutory time period provided for in section 12.").

No action was commenced within 90 days after the Appellant received the Arbitration Award. Again the facts are undisputed that the first time the Appellant made a motion to vacate the award was in her response to Respondent's Motion for Judgment on Arbitration Award submitted on May 6, 2009, six months after receiving notice of the arbitration award and three months after the 90 day deadline had passed. Her attempt to vacate the award was time barred under Federal Law; the Court properly granted the Respondent's Motion to Confirm and Judgment was properly entered.

3.      **The Court Did Not Err in Confirming the Arbitration Award**

An arbitration award rendered in accordance with an arbitration agreement and RCW Chapter 7.04A is considered to be substantially final and should not be vacated or modified by a Court absent an error in law on the face of the award. *See Brooks Trust A. vs. Pacific Media L.L.C.*, 111 Wn. App. 393, 44 P.3d 938 (2002). In a proceeding to confirm an award, the trial court is not permitted to conduct a trial de novo or to search the

four corners of the document to discern the parties' intent. *See Price* at

490.

    The Court in *Brooks* at 397-399 summarizes Washington law on

confirming and challenging an Arbitration Award as follows:

> ". . . ordinarily, reviewing courts will not reconsider the evidence before the arbitrator, Id. At most, this court can vacate, modify, or correct the award in accordance with a narrow set of circumstances set forth in RCW 7.04.160 and .170. *Anderson v. Farmers Ins. Co. of Wash.*, 83 Wn. App. 725, 733, 923 P.2d 713 (1996). . . .
>
> Within one year after an award in arbitration, 'any party to the arbitration may apply to the court for an order confirming the award, and the court shall grant such an order unless the award is beyond the jurisdiction of the court, or is vacated, modified, or corrected as provided in RCW 7.04.160 and 7.04.170.' RCW 7.04.150. The party seeking to vacate, modify or correct the award must file a motion 'within three months after a copy of the award is delivered to the party or his attorney.' RCW 7.04.180.
>
> The grounds for vacating an award are very limited, . . . RCW 7.04.160. The trial court may modify or correct an award where (1)'there was an evident miscalculation of figures, or an evident mistake in the description of any person, thing or property, referred to in the award,' (2) 'the arbitrators have awarded upon a matter not submitted to them,' and (3) ' the award is imperfect in a matter of form, not effecting the merits of the controversy.' RCW 7.04.170.
>
> 'Upon the granting of an order, confirming, modifying, correcting or vacating an award, judgment or decree shall be entered in conformity therewith.' RCW 7.04.190. The use of the word 'shall' indicates a mandatory duty. *Wash. State Coalition for the Homeless v. Dep't of Soc. & Health Servs.*, 133 Wn.2d 894, 907-08, 949 P.2d 1291 (1997). Thus according to the plain language of the statute, the trial court must confirm an arbitration award unless it lacks

jurisdiction, or vacates, modifies, or corrects the award. RCW 7.04.150. If the trial court confirms the award, it must then enter a consistent judgment or decree. RCW 7.04.190.

The Court had jurisdiction to confirm the Arbitration Award and any attempt by Appellant to vacate the Award was time barred due to the Appellant's own actions; the Court was proper in confirming Respondent's Arbitration Award and denying the Appellant's Countermotion to Set Aside the Award.

**B.      Appellant was Not Denied Her Due Process Rights under the Fifth and Fourteenth Amendments of the Constitution or Denied Access to the Court**

Appellant claims that she was denied meaningful access to the courts and that her constitutional rights to due process were violated. These claims have no merit.

The Due Process Clause of the Fifth Amendment provides that "no person shall…be deprived of life, liberty, or property, without due process of law." U.S. Const. amend V. The Fourteenth Amendment provides that "no State shall…deprive any person of life, liberty, or property without due process of law. U.S. Const. amend. XIV. The actions of a private actor may constitute state action when "there is such a close nexus between the State and the challenged action that seemingly private behavior

may be fairly treated as that of the State itself." *Jackson v. Metropolitan Edison Co.,* 419 U.S. 345, 350, 95 S.Ct., 449, 42 L.Ed. 2d 477 (1974).

Appellant does not outline any facts outlining which rights were violated and how. Again the Appellant states that she was not bound by the arbitration clause in the agreement she had with Respondent but has failed to demonstrate that any of Respondent's actions involved state action as is required to maintain a due process claim.

Here the arbitrator, the National Arbitration Forum, is a private entity and Respondent is a private company. Appellant has failed to demonstrate in the facts presented any nexus between National Arbitration Forum and the State, or between Respondent and the State. As a result Appellant's due process claim raised in this appeal is without merit and should be disregarded by the Court.

As to Defendant's assertion that she was denied access to the courts, the evidence does not support that assertion. Appellant entered into a credit card agreement with the Respondent which allowed for the parties to participate in arbitration to resolve disputes if necessary. When Respondent decided to exercise this

option, Appellant was given notice and the opportunity to present materials to the arbitrator on the matter, which she did. Upon examining the materials submitted, the arbitrator granted an arbitration award in favor of Respondent. At that point, the Appellant's option under Washington and Federal law was to make a motion to challenge or vacate the arbitration award, as stated previously she chose not to do so until the 90 day deadline had passed. Appellant's own actions have led her to her current situation. As Appellant entered into an agreement with Respondent with the option to have this matter resolved by arbitration and was given proper notice and the opportunity to participate in the process at every step (which she did), Appellant's claims she was denied access to the courts is meritless.

C.    **Respondent is Entitled to Recover It's Attorney's Fees Pursuant to RAP 14.2, RAP 18.1, RCW 7.04A.250 and It's Credit Card Agreement**

Pursuant to RAP 14.2, RAP 18.1, RCW 7.04A.250 and the express terms of the credit card agreement, Respondent requests that it be awarded its attorney's fees for responding to this appeal.

The "Reasons for Requiring Immediate Payment" provision on page 6 (CP 9) of the credit card agreement that is attached to the

Certification in Support of Petition to Confirm Arbitration Award (CP 1-19) provides for an award of attorney's fees. The language reads as follows:

> ". . . If you default, unless prohibited by applicable law, we can also require you to pay collection and court cost we incur in a collection proceeding, and a reasonable attorney's fee if we refer your account for collection to an attorney who is not our salaried employee. . ."

## IV.   **CONCLUSION**

The decision of the trial court should be affirmed and the Respondent should be awarded its costs and attorney's fees pursuant to the credit card agreement, RCW 7.04A.250 and RAP 14 and RAP 18.1.

Dated this _23rd_ day of January, 2010

Suttell & Hammer, P.S.

Nicholas R. Filer, WSBA #39536
Attorney for Respondent
1450 114th Ave SE, #240
Bellevue, WA, 98004
425-455-8220, ext. 120
425-454-7884
nick@suttelllaw.com

## DECLARATION OF MAILING

The undersigned declares and states as follows:

I am a citizen of the United States of America, and of the State of Washington, over the age of twenty-one years, not a party to this proceeding and competent to be a witness herein.

On _January 21, 2010_ , I mailed a copy of the RESPONDENT'S BRIEF in this action to:

> Valentina Kiselev
> 609 109th Ave Se
> Bellevue, WA 98004-0000

placing said documents in a sealed envelope with first class postage fully paid thereon.

Declarant states the foregoing is true and correct to the best of his knowledge and belief, subject to the penalty of perjury under the laws of the State of Washington.

DATED this _21st_ day of _January_ , 2010, at Bellevue, Washington.

Daniel F. King