IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON

**DAVID STEBBINS**                                                                                 **PLAINTIFF**

**VS.**                                              **CASE NO 11-1362**

**MICROSOFT, INC.**                                                                            **DEFENDANTS**

### SURREPLY TO MOTION FOR DEFAULT

NOTE ON MOTION CALENDAR:  Sept. 13, 2011

Comes now, *pro se* Plaintiff David Stebbins, who respectfully submits the following motion for default, pursuant to Fed. R. Civ. P. Rule 55(a).

1. I filed an amended motion to confirm the arbitration award on August 19, 2011.  See Document #2.

2. I served the Defendants with a copy of the amended motion on August 20, 2011, by mailing a copy thereof via first class mail to the address of 1 Microsoft Way, Redmond, WA 98052.

3. This is a sufficient service of process when moving to confirm an arbitration award.  9 U.S.C. § 9 states, in pertinent part, the following:

   "If the adverse party is a resident of the district within which the award was made, such service shall be made upon the adverse party or his attorney as prescribed by law for service of notice of motion in an action in the same court."

4. Although CR 55(a) requires a showing that service was perfected under Fed. R. Civ. P. Rule 4, that provision of the Local Rules is preempted by the Federal Arbitration Act. See Fed. R. Civ. P. Rule 83(a)(1), "A local rule must be consistent with... federal statutes and rules adopted under 28 U.S.C. §§ 2072 and 2075."

5. Service was complete upon the Post Office taking the envelope, even if they in fact received the notice three days later.  See Fed. R. Civ. P. Rule 5(b)(2)(C), ("...in which

case service is complete upon mailing").

6. The noting date for Document #2 is September 16, 2011.  See CR 7(d)(3).

7. Therefore, the deadline for the Defendants to respond is September 12, 2011.  See CR 7(d)(3) ("Any opposition papers shall be filed and served not later than the Monday before the noting date").

8. As of the time of this filing, it is after business hours on September 12, 2011.

9. The Defendants have yet to make an appearance.

10. Therefore, it is proper that this court enter default against the Defendants for failing to appear.  See Fed. R. Civ. P. Rule 55(a).

11. It is true that the Defendants still have time to file their answer.  Theoretically, they could still file it.  However, realistically speaking, think about it:  It is after business hours.  Realistically, if they haven't done it yet, they won't.  If they just happen to file an answer immediately before midnight or something, then feel free to deny this motion for default as moot.  However, I do not think it will happen.  By the time you actually read this, you should know whether or not this has happened.

12. To tell the truth, I do not think I should even have to file a motion for default; default is so ministerial, and the criteria for when it is appropriate so objective, that the ECF could probably just do it for me, automatically.  I am sure that I am not the only one who would like that to be added to the ECF.

13. I respectfully pray for a quick, expeditious resolution of this motion for default, hopefully by the end of the day (see CR 7(d)(1)), and hopefully in enough time for me to file a request that the clerk enter default judgment, and *that* request *also* be dealt with later today.

Wherefore, premises considered, I respectfully pray that the Defendants be listed in default. It is so humbly requested on this 13th day of August, 2011.

/s/ David Stebbins<br>
David Stebbins<br>
1407 N Spring Rd<br>
APT #5<br>
Harrison, AR 72601<br>
870-204-6024<br>
stebbinsd@yahoo.com