The Honorable John C. Coughenour

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| DAVID STEBBINS, <br><br> Plaintiff, <br><br> v. <br><br> MICROSOFT, INC., <br><br> Defendant. | No. C11-1362 JCC <br><br> MICROSOFT'S MOTION TO DISMISS <br><br> *Note on Motion Calendar:* <br> November 25, 2011 |

## I.   INTRODUCTION

David Stebbins tells the Court it *must* "confirm two arbitration awards in the collective amount of $1,500,000,000,000.00."  Mr. Stebbins claims he is entitled to this $1.5 trillion award against "Microsoft, Inc." (the correct name of the company is Microsoft Corporation) by virtue of three unanswered emails he purportedly sent to a general Microsoft email address.

The Court should dismiss Mr. Stebbins's frivolous complaint, with prejudice.  There was no arbitration between Mr. Stebbins and Microsoft, and thus there is no award to confirm.  This lawsuit is similar to the stunts Mr. Stebbins has attempted in other federal courts in which the courts have dismissed—as frivolous—his complaints seeking to confirm purported "arbitration awards."   This Court should do the same.

MOTION TO DISMISS (C11-1362 JCC) — 1
DWT 18395996v5 0025936-001472

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200 · 1201 Third Avenue
Seattle, Washington  98101-3045
(206)622-3150· Fax: (206) 757-7700

## II. FACTUAL BACKGROUND

### A. Mr. Stebbins's Filings.

On August 15, 2011, Mr. Stebbins filed an unsigned Application to Proceed In Forma Pauperis ("IFP") [Dkt. 1], and attached a Motion to Confirm Arbitration Award [Dkt. 1-1]. Four days later, Mr. Stebbins filed what he styled an "Amended Complaint,"[1] asking this Court to "confirm two arbitration awards in the collective amount of $1,500,000,000,000.00" under the Federal Arbitration Act ("FAA").  Compl. at 1 [Dkt. 2].  Magistrate Judge Theiler issued a minute order on August 24, 2011 [Dkt. 5], directing Mr. Stebbins to fix deficiencies in his IFP application.  Judge Theiler subsequently granted Mr. Stebbins's application for IFP status [Dkt. 8], permitting him to bring this action without paying filing fees and to have the U.S. Marshall execute service of process.

On September 12, 2011, Mr. Stebbins filed a Motion for Default [Dkt. 9].  The Clerk of the Court denied the motion, finding Mr. Stebbins failed to serve Microsoft in accordance with Rule 4 and failed to give Microsoft notice of the motion as required by Rule 55(a).  Order Denying Default [Dkt. 12].  On September 29, 2011, Mr. Stebbins filed what he called an "Ex Parte Motion for Judgment on the Pleadings" [Dkt. 13], again without serving or otherwise providing notice to Microsoft.  The Clerk of the Court denied the motion as "frivolous" and warned Mr. Stebbins:  "If Plaintiff continues to file frivolous motions, he will be sanctioned pursuant to FRCP 11."  Sept. 30, 2011, Minute Order [Dkt. 14].

### B. Mr. Stebbins's Allegations.

Mr. Stebbins alleges he subscribes to Microsoft's Xbox LIVE, an online subscription service for users of the Xbox 360 video game console.  Compl. at 2.  He claims Microsoft owes him $1.5 trillion based on three unanswered emails he sent to a general Xbox email address. *Id.*

Mr. Stebbins first alleges he unilaterally amended his Xbox LIVE contract with Microsoft on May 6, 2001, by sending an email "notice" to xbox@engagexbox.com.  *Id.*, Ex. A [Dkt. 2-1].  The May 6 email contained an attachment purporting to be "a formal

---

[1] Since Mr. Stebbins had not yet filed a complaint, the Clerk construed the Amended Complaint as the Complaint.

MOTION TO DISMISS (C11-1362 JCC) — 2
DWT 18395996v5 0025936-001472

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200 · 1201 Third Avenue
Seattle, Washington  98101-3045
(206)622-3150· Fax: (206) 757-7700

modification to a contract between the parties" that would automatically take effect unless Microsoft cancelled Mr. Stebbins's Xbox LIVE subscription. *Id.*, Ex. B [Dkt. 2-2]. The May 6 email attachment also contained an arbitration provision and "Forfeit Victory Clause," stating:

> If I send you an invitation to arbitrate a legal dispute, you must accept it within 24 hours of receiving it. … If you do not accept the arbitration invitation within the 24 hour time limit, specified above, I automatically win the relief requested, without having to go to arbitration.

*Id.* The clause states it applies only one-way: "This forfeit victory clause will not apply vice versa. If I do not accept an arbitration invitation submitted by you, you must move a court to compel me to arbitrate." *Id.* Mr. Stebbins claims Microsoft accepted his "contract" and the "Forfeit Victory Clause" by failing to terminate his Xbox LIVE account. Compl. at 3.

On May 18, 2011, Mr. Stebbins alleges he sent an email to xbox@engagexbox.com inviting Microsoft to arbitrate some unspecified "contract dispute." *Id.* The May 18 email states: "To avoid losing automatically, via the forfeit victory clause, please print this out, sign it, scan it, and email back to me by 5:18PM tomorrow, Tuesday, May 19, 2011." *Id.*, Ex. D [Dkt. 2-4]. The May 13 email attaches a "Submission to Dispute Resolution" form, signed by Mr. Stebbins and stating: "The Defendants breached a contract against me. I seek $500,000,000,000." *Id.*, Ex. F [Dkt. 2-5]. Mr. Stebbins alleges he sent another email to xbox@engagexbox.com on May 24, 2011, again inviting Microsoft to arbitrate an unspecified "contract dispute." *Id.*, Ex. G [Dkt. 2-6]. Mr. Stebbins again attached a "Submission to Dispute Resolution" form, this time unsigned by either party and claiming "$1,000,000,000,000 in damages." *Id.*, Ex. H [Dkt. 2-7].

According to Mr. Stebbins, because Microsoft did not respond to his invitations to arbitrate within 24 hours, he "automatically win[s], regardless of the merits of the case, and without even having to go to arbitration." Compl. at 3. Mr. Stebbins alleges "this court does not have the power to deny confirmation of an arbitration award sua sponte" and "this court is plainly without authority to deny a motion to confirm an arbitration award, unless a motion to vacate or modify the award is present." *Id.* at 1–2.

MOTION TO DISMISS (C11-1362 JCC) — 3
DWT 18395996v5 0025936-001472

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200 · 1201 Third Avenue
Seattle, Washington 98101-3045
(206)622-3150· Fax: (206) 757-7700

### C.     Mr. Stebbins's Prior Litigation.

Mr. Stebbins has substantial experience with federal court litigation. A PACER search shows Mr. Stebbins has filed, over the last year-and-a-half, seventeen lawsuits in federal court.[2] In ten of those suits, the court has dismissed or recommended dismissal of Mr. Stebbins's case.[3] And in each of the six actions where Mr. Stebbins sought to enforce a purported "arbitration award," as he does here, the court flatly rejected his claim. *See Stebbins v. Texas*, No. 11-cv-2227, R&R [Dkt. 16], at 5 (N.D. Tex. Oct. 24, 2011) ("Plaintiff's request to confirm an arbitration award against the State of Texas in the amount of $5,000,000,000,000.00 has no basis in law or fact."); *Stebbins v. Google, Inc.*, 2011 U.S. Dist. LEXIS 97908, at *2 (N.D. Cal. Aug. 31, 2011) (dismissing as "frivolous" Mr. Stebbins's motion to confirm arbitration award); *Stebbins v. Univ. of Ark.*, No. 10-cv-5125, Order [Dkt. 53], at 5 (W.D. Ark. May 19, 2011) (denying Mr. Stebbins's motion to confirm arbitration award because "he has not proven the existence of any agreement to arbitrate, much less that an arbitration took place"); *Stebbins v. NET-ARB, Inc.*, No. 11-cv-3025, Order [Dkt. 6] (W.D. Ark. May 3, 2011) (dismissing with prejudice); *Stebbins v. Harp & Assoc. Real Estate Serv.*, 2011 WL 1660390, at *2 (W.D. Ark. April 15, 2011) (dismissing with prejudice); *Stebbins v. Wal-Mart Stores*, 2011 WL 1519390, at *2 (W.D. Ark. April 14, 2011) (dismissing; "The emails from [Mr. Stebbins] are self-serving documents that did not form the basis for any conduct or performance on Wal–Mart's part.").

---

[2] **(1)** *Stebbins v. Harp & Assoc. Real Estate Serv.*, No. 11-cv-3078 (W.D. Ark. Sept. 9, 2011); **(2)** *Stebbins v. Texas*, No. 11-cv-2227 (N.D. Tex. Aug. 29, 2011); **(3)** *Stebbins v. Microsoft, Inc.*, No. 11-cv-1362 (W.D. Wash. Aug. 15, 2011); **(4)** *Stebbins v. Google, Inc.*, No. 11-cv-3876 (N.D. Cal. Aug. 8, 2011); **(5)** *Stebbins v. Hannah*, No. 11-cv-3058 (W.D. Ark. July 21, 2011); **(6)** *Stebbins v. Legal Aid of Ark.*, No. 11-cv-3057 (W.D. Ark. July 20, 2011); **(7)** *Stebbins v. Kirkpatrick*, No. 11-cv-3042 (W.D. Ark. June 16, 2011); **(8)** *Stebbins v. Harp & Assoc. Real Estate Serv.*, No. 11-cv-3029 (W.D. Ark. April 5, 2011); **(9)** *Stebbins v. NET-ARB, Inc.*, No. 11-cv-3025 (W.D. Ark. March 29, 2011); **(10)** *Stebbins v. Wal-Mart Stores, Inc.*, No. 10-cv-3123 (W.D. Ark. Dec. 17, 2010); **(11)** *Stebbins v. Full Sail Univ.*, No. 10-cv-3090 (W.D. Ark. Sept. 27, 2010); **(12)** *Stebbins v. Wal-Mart Stores, Inc.*, No. 10-cv-3086 (W.D. Ark. Sept. 14, 2010); **(13)** *Stebbins v. Full Sail Univ.*, No. 10-cv-1165 (M.D. Fla. Aug. 4, 2010); **(14)** *Stebbins v. Full Sail Univ.*, No. 10-cv-3072 (W.D. Ark. Aug. 4, 2010); **(15)** *Stebbins v. Randal*, No. 10-cv-3305 (W.D. Mo. Aug. 2, 2010); **(16)** *Stebbins v. Univ. of Ark.*, No. 10-cv-5125 (W.D. Ark. July 12, 2010); and **(17)** *Stebbins v. Mid States Promotions*, No. 10-cv-3041 (W.D. Ark. May 5, 2010).

[3] *Texas*, No. 11-cv-2227, R&R [Dkt. 16]; *Google*, No. 11-cv-3876, R&R [Dkt. 7] & Order [Dkt. 14]; *Hannah*, No. 11-cv-3058, R&R [Dkt. 3]; *Kirkpatrick*, No. 11-cv-3042, R&R [Dkt. 5]; *Harp & Assoc.*, No. 11-cv-3029, Order [Dkt. 6]; *NET-ARB*, No. 11-cv-3025, Order [Dkt. 6]; *Full Sail.*, No. 10-cv-3090, Order [Dkt. 13]; *Wal-Mart*, Nos. 10-cv-3123 & 10-cv-3086, consolidated, R&R [Dkt. 39], Order [Dkt. 41]; *Full Sail*, No. 10-cv-1165, Order [Dkt. 13]; and *Randal*, No. 10-cv-3305, Order [Dkt. 151].

MOTION TO DISMISS (C11-1362 JCC) — 4
DWT 18395996v5 0025936-001472

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200 · 1201 Third Avenue
Seattle, Washington  98101-3045
(206)622-3150·  Fax: (206) 757-7700

## III.     ARGUMENT

### A.     The Legal Standard.

In *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), the Supreme Court held "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level." *Id*. at 555 (citations and footnote omitted). Rule 8 "demands more than an unadorned, the defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). Instead, a plaintiff must offer "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "[S]omething beyond the mere possibility" of a claim "must be alleged, lest a plaintiff with a 'largely groundless claim' be allowed to 'take up the time of a number of other people, with the right to do so representing an *in terrorem* increment of the settlement value." *Id.* at 557–58 (citations omitted).

Further, because Mr. Stebbins proceeds IFP, the Court has an independent duty to dismiss if it finds his case is "frivolous" or fails to state a claim upon which relief can be granted. *See* 28 U.S.C. § 1915(e)(2).

### B.     The Court Should Dismiss with Prejudice.

Invoking the FAA, Mr. Stebbins alleges this Court must "confirm two arbitration awards in the collective amount of $1,500,000,000,000.00" based on three unanswered emails he purportedly send to a general Microsoft email address. His complaint has no basis.

Mr. Stebbins recently attempted this same "arbitration" stunt in *Stebbins v. Google, Inc.*, 2011 U.S. Dist. LEXIS 97908 (N.D. Cal. Aug. 31, 2011), which the court promptly dismissed. There, as here, Mr. Stebbins claimed he sent Google an email unilaterally amending their contract to include his "forfeit victory clause," under which he "automatically win[s]" all relief he requests if Google fails to accept an invitation to arbitrate within 24 hours. *Id.* at *2–3. Mr. Stebbins claimed he then sent Google another email with an invitation to arbitrate some unspecified dispute for $500,000,000,000. *Id.* at *3. According to Mr. Stebbins, because

MOTION TO DISMISS (C11-1362 JCC) — 5
DWT 18395996v5 0025936-001472

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200 · 1201 Third Avenue
Seattle, Washington 98101-3045
(206)622-3150· Fax: (206) 757-7700

Google did not respond within 24 hours, he automatically "won" a $500 billion award. *Id.* at *4. The court did not mince words in dismissing *sua sponte* with prejudice:

> The court finds that this case is frivolous. Plaintiff attempts to bind this court to confirm an arbitration award that never was. He claims that under 9 U.S.C. § 9, the court must grant his motion to confirm and does not have the authority to deny the motion *sua sponte*. Plaintiff fails to note that [9 U.S.C. § 9] is premised on the parties having agreed "that a judgment of the court shall be entered upon the award made pursuant to the arbitration." There is no provision that allows for confirmation of arbitration where, as in this case, there never was an arbitration agreement between the parties and no arbitration ever took place.

*Id.* at *2. The court held "Plaintiff's law suit seeking to collect $500,000,000,000.00 for confirmation of the nonexistent award is frivolous and without merit." *Id.* at *4.

This Court should likewise dismiss Mr. Stebbins's frivolous complaint here:

*First*, Microsoft never agreed to Mr. Stebbins's purported contract amendment and self-serving "forfeit victory clause." State-law principles of contract formation govern the threshold question of whether a valid agreement to arbitrate exists. *First Options v. Kaplan*, 514 U.S. 938, 944 (1995). Washington law requires that "the parties must objectively manifest their mutual assent" before they become bound to a purported contract. *Keystone Land & Dev. Co. v. Xerox Corp.*, 152 Wn.2d 171, 177–78, 94 P.3d 945 (2004). Mr. Stebbins alleges nothing manifesting Microsoft's assent to his outlandish contract "amendment." The allegation that Microsoft did nothing in response to Mr. Stebbins's emails does not show assent (as Mr. Stebbins claims) but rather the lack of assent, particularly given that Microsoft neither obtained nor retained any benefit from Mr. Stebbins's "offer." *See Stebbins v. Wal-Mart*, 2011 WL 1519390, at *2 ("[t]he e-mails from [Mr. Stebbins] are self-serving documents" that cannot form the basis for acceptance by Wal-Mart). Further, the two "Submission to Dispute Resolution" forms attached to Mr. Stebbins's complaint contain nothing to suggest Microsoft's assent to Mr. Stebbins's unique procedure. The first "Submission to Dispute Resolution" form Mr. Stebbins claims he emailed to Microsoft contains only Mr. Stebbins's signature, while the second has no signature at all; neither contains anything suggesting Microsoft's assent. *See* Compl., Exs. F & H [Dkts. 2-5 & 2-7]. Because Mr. Stebbins does not (and cannot) allege any

MOTION TO DISMISS (C11-1362 JCC) — 6
DWT 18395996v5 0025936-001472

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200 · 1201 Third Avenue
Seattle, Washington 98101-3045
(206)622-3150· Fax: (206) 757-7700

facts remotely suggesting Microsoft assented to his unilateral contract "amendment" or to arbitration, his purported arbitration "agreement" with Microsoft does not exist.

*Second*, Mr. Stebbins has no basis for relief under the FAA.  Mr. Stebbins's complaint rests on Section 9 of the FAA, which states:  "If the parties in their agreement have **agreed** that a judgment of the court shall be entered upon the award made pursuant to *the arbitration*, … any party to the arbitration may apply to the court so specified for an order confirming *the award*."  9 U.S.C. § 9 (emphasis added).  Setting aside the lack of agreement, Mr. Stebbins's attempt to invoke the FAA also fails because no arbitration took place and no arbitration award exists—both obvious prerequisites to a motion to confirm an arbitration award.  *Id.*; *see also Stebbins v. Univ. of Ark.*, No. 10-cv-5125, Order [Dkt. 53], at 5 (W.D. Ark. May 19, 2011) (denying Mr. Stebbins's motion to confirm an award under the FAA because "he has not proven the existence of any agreement to arbitrate, much less that an arbitration took place"); *Stebbins v. Google*, 2011 U.S. Dist. LEXIS 97908, at *3–4 ("There never was an award here, and [Mr. Stebbins's] law suit seeking to collect $500,000,000,000.00 for confirmation of the nonexistent award is frivolous and without merit.").  Further, a party seeking to confirm an arbitration award under the FAA must file with the court the award issued by the arbitrator.  9 U.S.C.§ 13.  Mr. Stebbins did not, and cannot, do so because no award exists.

In short, because Microsoft did not agree to arbitrate or submit any dispute to arbitration, no arbitration occurred, no arbitrator issued an award, and the Court has nothing to confirm.  Mr. Stebbins has no plausible claim.

### IV.   CONCLUSION

The Court should dismiss Mr. Stebbins's complaint with prejudice.

DATED this 1st day of November, 2011.

          Davis Wright Tremaine LLP
          Attorneys for Microsoft Corporation

          By  */s/ Stephen M. Rummage*
              Stephen M. Rummage, WSBA #11168
          By  */s/ John A. Goldmark*
              John A. Goldmark, WSBA #40980

MOTION TO DISMISS (C11-1362 JCC) — 7
DWT 18395996v5 0025936-001472

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200 · 1201 Third Avenue
Seattle, Washington  98101-3045
(206)622-3150· Fax: (206) 757-7700

1201 Third Avenue, Suite 2200
Seattle, Washington 98101-3045
Telephone: (206) 622-3150;
Fax: (206) 757-7700
E-mail: steverummage@dwt.com
E-mail: johngoldmark@dwt.com

MOTION TO DISMISS (C11-1362 JCC) — 8
DWT 18395996v5 0025936-001472

# CERTIFICATE OF SERVICE

I hereby certify that on November 1, 2011, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to *Pro Se* Plaintiff David Stebbins at this e-mail address: stebbinsd@yahoo.com.

I further certify that I have mailed by United States Postal Service the document to *Pro Se* Plaintiff addressed as follows:

>David Stebbins
>8527 Hopewell Road
>Harrison, AR  72601

DATED this 1st day of November, 2011.

>Davis Wright Tremaine LLP
>*Attorneys for Microsoft Corporation*
>
>By *s/ John A. Goldmark*
>    John A. Goldmark, WSBA #40980
>    1201 Third Avenue, Suite 2200
>    Seattle, Washington  98101-3045
>    Telephone:  (206) 622-3150
>    Fax:  (206) 757-7700
>    E-mail:  johngoldmark@dwt.com

MOTION TO DISMISS (C11-1362 JCC) — 9
DWT 18395996v5 0025936-001472

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200 · 1201 Third Avenue
Seattle, Washington  98101-3045
(206)622-3150· Fax: (206) 757-7700