IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON

DAVID STEBBINS                                                                    PLAINTIFF

VS.                                          CASE NO 11-1362

MICROSOFT CORPORATION                                        DEFENDANTS

### SURREPLY TO MOTION FOR DEFAULT

NOTE ON MOTION CALENDAR:  Nov. 2, 2011

Comes now, *pro se* Plaintiff David Stebbins, who respectfully submits the following motion for default.

### BACKGROUND

Service of process was perfected on Defendant Microsoft Corporation on October 11, 2011.[1]  The time limit to respond began o October 12, 2011.[2]  Defendant ultimately responded on November 1, 2011, arguing that it had never agreed to arbitrate.[3]

### DISCUSSION

For all of the reasons outlined below, I am entitled to default.

**Defendant only had five (5) days to challenge the arbitration agreement.**

I have filed a motion for default in this case, before, and it was denied.  However, what the records do not show is that the Law Clerk of this Court contacted me over the phone and explained *why* the motion for default was to be denied.  He admitted that my argument about the relaxed rules of service was clever, but claimed that the relaxed rules did not apply when there was doubt in the Court's mind as to the very existence of an arbitration agreement in the first place.

---

[1] Dkt. 15
[2] Fed. R. Civ. P. Rule 6(a)(1).
[3] Dkt. 16

I responded by referring him to the statute of 9 U.S.C. § 4.  That was a section of the FAA that dealt with motions to confirm an arbitration award.  It was therefore specifically designed for disputes where the parties disagree about the existence and/or enforceability of an arbitration agreement.

At the time, I mistakenly believed that, despite the nature of the dispute that Section 4 regards, Section 4 *still* provided for the relaxed rules of service.  The law clerk read that section, and found that service was required to be made "in the manner provided by the Federal Rules of Civil Procedure," which could have meant either Rule 4 or Rule 5 of the Federal Rules of Civil Procedure.  The Law Clerk reasoned that, in this case, service should have been made pursuant to Rule 4 of the Federal Rules of Civil Procedure.

However, while I may have lost that legal debate, I still have this consolation to take away from it:  By responding with interest to the counter-argument I made, and actually investigating my assertion, the law clerk's actions implicitly conceded that, generally speaking, when a motion to confirm an arbitration award carries with it a reasonable doubt as the existence and/or enforceability of an arbitration agreement, the Court can obtain guidance on how to handle the situation from Section 4 of the Federal Arbitration Act, using the doctrine of *noscitur a sociis* ("a word is known by the company it keeps," echoeing that, when a single provision of a statute is ambiguous, its meaning may be determined by reference to the rest of the statute).

Therefore, let us turn to 9 U.S.C. § 4 for guidance on how to handle a dispute regarding the validity or enforceability of an arbitration agreement.  This section requires that the party opposing arbitration only be given five (5) days notice of the motion to compel arbitration.[4]

Therefore, because Defendant relies primarily on the nonexistence of an arbitration agreement in its defense, it should have responded by October 17, 2011.  It failed to do so.

---

[4]   9 U.S.C. § 4, "Five days' notice in writing of such application shall be served upon the party in default."

Because Defendant was untimely in its objection to the existence of an arbitration agreement, that means that the existence of an arbitration agreement is admitted by default.

### The reason I waited so long to file this.

This Court is probably wondering... if I could have filed a motion for default as early as October 17, why did I wait until just now to file it? The answer is actually quite simple: Even by my interpretation of the statute, the shortened time to respond only applies to challenges based on the nonexistence of an arbitration agreement.

They could have made several other challenges to the case, such as a lack of subject-matter jurisdiction (perhaps Defendant had a technicality that deprived this Court of its diversity jurisdiction). Maybe they could have argued that service of process was perfected on the wrong person (eg, arguing some obscure technicality that made Dorothy Nelson unauthorized to receive service of process on Microsoft's behalf), or some other defense to the arbitration award.

If Defendant relied on some other grounds, besides the lack of an enforceable arbitration agreement, they *would* have had the full twenty-one (21) days to respond, given to them by Fed. R. Civ. P. Rule 12(a)(1)(A)(i).

However, Defendant did not do that, and therefore, deserve to have default entered against them.

### Conclusion

Wherefore, premises considered, I respectfully pray that default be entered against Defendant Microsoft Corporation.

By  s/ David A. Stebbins
David A. Stebbins
8527 Hopewell Rd,
Harrison, AR 72601
870-743-4386
stebbinsd@yahoo.com