UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON

DAVID STEBBINS                                                                          PLAINTIFF

VS.                                         CASE NO. 11-1362

MICROSOFT CORPORATION                                                      DEFENDANTS

### RESPONSE IN OPPOSITION TO MOTION TO DISMISS

Comes now, *pro se* Plaintiff David Stebbins, who, in the event that the Court is not persuaded by my argument at the beginning of my Motion for Judgment on the Pleadings (Dkt. 19), respectfully submits the following Response in Opposition to Defendant's Motion to Dismiss (Dkt. 17).

### Redundant arguments blanketly repeated

For the most part, I will not bore this Court with redundant details that I have already stated in other motions. For the most part, suffice it to say that Defendant's Motion to Dismiss should be denied for the reasons outlined in my Motion for Sanctions (Dkt. 18), Motion for Judgment on the Pleadings (Dkt. 19), and Motion for Default (Dkt. 20), all of which are hereby incorporated by reference.

However, here are some other issues that were not raised in any of those motions, that are also reasons why Defendant's Motion to Dismiss should be denied.

### Complaint has already been screened for frivolousness

Defendant argues that this Court had a *sua sponte* duty to screen the complaint for frivolousness. However, I do not think that the Court actually neglected this duty, like Defendant implies. The Application for Leave to Proceed *In Forma Pauperis* (Dkt. 1) was granted more than three weeks after it was filed. Dkt. 8. In the past, I have seen judges grant IFP applications solely on the poverty of the Plaintiff (mostly in Arkansas state court, where the frivolousness screening requirement is there, but is more relaxed). However, when this happens, the IFP application is usually granted in only a few days. The fact that this Court took over three weeks to grant the IFP application says to me that the Court did in fact screen it for frivolousness, and decided to allow the case to

proceed, anyway.

### Stebbins v. Google was not dismissed

Defendant claims that the case of Stebbins v. Google was "quickly dismissed." However, the document that Defendant refers to was merely a report and recommendation of a magistrate judge. The District Court has still yet to either adopt or reject the report and recommendation. The fact that the Judge is taking well over a month to decide what to do with the case does not say to me that the California Court is simply shelving the case; it tells me that my objections to the Report and Recommendation actually caused the U.S. District Court for the Northern District of California to seriously reconsider dismissing the case.

### Silence could potentially signify acceptance in appropriate circumstances.

Defendant argues that, even assuming the facts of the case to be true and in a light most favorable to myself, I can allege no facts at all that can entitle me to relief. However, in addition to all the other counter-arguments that I have made, Defendant also seems to conveniently forget about Section 69(1)(b) of the Restatement (Second) of Contracts, which states that silence on the part of the contract offeree can signify acceptance "Where the offeror has stated or given the offeree reason to understand that assent may be manifested by silence or inaction, and the offeree in remaining silent and inactive intends to accept the offer."

Will the Defendants *admit* to the Microsoft customer support representative who read the unilateral amendment offer thought to himself "Heeey, way to fire back at the corporate elite using the same tactics that they often use to screw over customers just like us!" and proceed to ignore it, knowing the problems it could have for his employer? I doubt it. That is like admitting to employment discrimination. However, can Defendant really, truly argue that, even if I can prove this, that still does not entitle me to recover? I doubt that even more.

### My continued patronage is all the consideration I need

In Defendant's motion to dismiss, it argues that the contract was never agreed to, "particularly

given that Microsoft neither obtained nor retained any benefit from Mr. Stebbins's 'offer.'"  In short, Defendant is arguing lack of consideration.

My continued patronage as an Xbox Live customer is, itself, a peppercorn of consideration. Therefore, Defendant has, indeed, *retained* a benefit.

### Forfeit victory clause is merely a change in arbitration procedure.

In arguing that no arbitration ever took place between the Defendant and myself, and that there is no arbitration award, Defendant essentially challenges the validity and enforceability of the forfeit victory clause.

The American Arbitration Association Commercial Arbitration Rules allow the parties to arbitration to amend the rules of procedure as they see fit.

> "(a) The parties shall be deemed to have made these rules a part of their arbitration agreement whenever they have provided for arbitration by the American Arbitration Association (hereinafter AAA) under its Commercial Arbitration Rules or for arbitration by the AAA of a domestic commercial dispute without specifying particular rules. These rules and any amendment of them shall apply in the form in effect at the time the administrative requirements are met for a demand for arbitration or submission agreement received by the AAA. ***The parties, by written agreement, may vary the procedures set forth in these rules.*** After appointment of the arbitrator, such modifications may be made only with the consent of the arbitrator."

See Section R-1(a) of the AAA Commercial Arbitration Rules (areas of interest are boldfaced, underlined, and italicized) for emphasis).

So, let us go down the list of things that the forfeit victory clause changes about the standard AAA Commercial Arbitration Rules.

- Remove Section R-4(a)(ii) and Section R-4(a)(iii).

- Change the first sentence in Section R-4(b) so that it reads "A respondent may file an answering statement in duplicate with the claimant within 24 hours after confirmation of notice of filing of the demand is sent by the claimant."

- Change Section R-4(c) so that it reads "If no answering statement is filed within the stated time,

respondent will be deemed to admit the claim."

- In Section R-29, where it says "An award shall not be made solely on the default of a party," cross out the word "not."

- Change Section R-42(a) so that it reads "The arbitration invitation, which was ignored by the Defendant, shall be the arbitration award."

And viola!  You have the forfeit victory clause!

As you can see, whereas Defendant argues that no arbitration ever took place, and that no arbitration award was ever entered in my favor, Defendant is clearly wrong on that.  An arbitration *did* take place, and an arbitration award *was* entered in my favor, in a manner compliant with the forfeit victory clause.

Unless and until Defendant submits some legal authority stating that a forfeit victory clause is unenforceable, that argument trumps Defendant's frivolous argument that no arbitration or arbitration award exists.

## Conclusion

Wherefore, premises considered, I respectfully pray that the Defendant's Motion to Dismiss be denied.

By /s David A. Stebbins  
David A. Stebbins  
8527 Hopewell Rd,  
Harrison, AR 72601  
870-743-4386  
stebbinsd@yahoo.com