The Honorable John C. Coughenour

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| DAVID STEBBINS,<br><br>      Plaintiff,<br><br> v.<br><br>MICROSOFT, INC.,<br><br>      Defendant. | No. C11-1362 JCC<br><br>MICROSOFT'S OPPOSITION TO PLAINTIFF'S MOTIONS FOR SANCTIONS, MOTION FOR JUDGMENT ON THE PLEADINGS, AND MOTION FOR DEFAULT<br><br>*Noted for Consideration:*<br>November 18 & November 25, 2011 |

## I.  ARGUMENT

To avoid repetitive filings, Microsoft files this single brief to oppose David Stebbins's four pending motions. Undeterred by the Court's prior warning ("If Plaintiff continues to file frivolous motions, he will be sanctioned pursuant to FRCP 11." [Dkt. 14]), Mr. Stebbins filed two Motions for Sanctions (Dkts. 18 & 22), a renewed Motion for Judgment on the Pleadings (Dkt. 19), and renewed Motions for Default (Dkts. 20 & 24). Mr. Stebbins's filing flurry shows why the Court should dismiss this matter with prejudice and, if the Court deems it appropriate, order sanctions sufficient to deter him from wasting the federal judiciary's time with further frivolous filings. Mr. Stebbins's four recent motions are as frivolous as his first:

Mr. Stebbins asks the Court to award sanctions because he does "not believe" a difference exists between his unilateral attempt to amend his Xbox LIVE contract and

OPPOSITION TO MOTIONS FOR SANCTIONS, JUDGMENT
ON THE PLEADINGS, & DEFAULT (C11-1362 JCC) — 1
DWT 18514416v5 0025936-001472

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200 · 1201 Third Avenue
Seattle, Washington 98101-3045
(206)622-3150· Fax: (206) 757-7700

Microsoft's periodic updates of that contract. Dkt. 18 at 1.[1]  But the difference is obvious. The Xbox LIVE contract, to which Mr. Stebbins admits he assented (Compl. at 2; Dkt. 19 at 2), explicitly permits Microsoft to amend the terms upon written notice.  The introductory paragraph states: "Please read this contract carefully. … **Microsoft may update** this contract by posting new terms and conditions.  If you do not agree to the changes, you must stop using the Service. Your continued use of the Service is your acceptance of the changed contract." Goldmark Decl., Ex. A (emphasis added); *see M.A. Mortenson Co. v. Timberline Software Corp.*, 140 Wn.2d 568, 584, 998 P.2d 305 (2000) (plaintiff's "use of the software constituted its assent to the agreement").  By contrast, the governing contract provides no authority for Mr. Stebbins (or any of the millions of other Xbox LIVE users around the globe) to unilaterally amend it.  *Cf. MBNA Am. Bank, NA v. Miles*, 140 Wn. App. 511, 512, 164 P.3d 514 (2007) (enforcing amendment where "original credit card agreement … contain[ed] an amendment clause [that] allowed MBNA to amend the agreement").  It could not be any other way: if subscribers could unilaterally change contract terms, service to *all* subscribers would grind to a halt as Microsoft sorted through millions of contracts with terms unique to each subscriber.

Mr. Stebbins claims he is entitled to judgment on the pleadings (for the second time)[2] because Microsoft did not, within ninety days, move to vacate his imaginary arbitration "award." Dkt. 19 at 5–17.  But without an arbitration or an award issued by an arbitrator, Mr. Stebbins has no basis for relief under the FAA, and Microsoft has no obligation to move to vacate an arbitration "award" that does not exist.  *See* 9 U.S.C. § 9.  In the case on which Mr. Stebbins relies, the court denied an untimely challenge to an arbitration award only because "[a]n arbitration agreement did indeed exist" and the "arbitrator issued an award." *MBNA Am. Bank*, 140 Wn. App. at 512–13.  This case presents neither circumstance.

---

[1] Mr. Stebbins's "Second Motion for Sanctions" (Dkt. 22) merits little response.  Each district court to address Mr. Stebbins's "arbitration award" stunt has dismissed it—usually as frivolous.  Those actions speak for themselves.

[2] The Court denied—as "frivolous"—Mr. Stebbins's first Motion for Judgment on the Pleadings. Dkt. 14.

OPPOSITION TO MOTIONS FOR SANCTIONS, JUDGMENT
ON THE PLEADINGS, & DEFAULT (C11-1362 JCC) — 2
DWT 18514416v5 0025936-001472

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200 · 1201 Third Avenue
Seattle, Washington 98101-3045
(206)622-3150· Fax: (206) 757-7700

1  Mr. Stebbins also claims he is entitled to default (for the third time)[3] because Microsoft did not, within five days, challenge the "arbitration agreement" he attempted to manufacture. Dkts. 20 & 24. But a party may seek default only if the other party "has failed to plead or otherwise defend." Fed. R. Civ. P. 55(a). Because Microsoft defended this action by filing a timely motion to dismiss (Dkt. 16), Mr. Stebbins has no basis to seek default.

## II.  CONCLUSION

The Court should deny Mr. Stebbins's two motions for sanctions, renewed motion for judgment on the pleadings, and third motion for default, and, if the Court deems it appropriate, impose sanctions sufficient to deter Mr. Stebbins from further frivolous filings.

DATED this 11th day of November, 2011.

> Davis Wright Tremaine LLP
> Attorneys for Microsoft Corporation
>
> By  /s/ John A. Goldmark
>     Stephen M. Rummage, WSBA #11168
>     John A. Goldmark, WSBA #40980
>     1201 Third Avenue, Suite 2200
>     Seattle, Washington  98101-3045
>     Tel: (206) 622-3150; Fax: (206) 757-7700
>     E-mail: steverummage@dwt.com
>     E-mail: johngoldmark@dwt.com

---

[3] The Clerk denied Mr. Stebbins's first and second Motions for Default. Dkts. 12 & 25.

OPPOSITION TO MOTIONS FOR SANCTIONS, JUDGMENT ON THE PLEADINGS, & DEFAULT (C11-1362 JCC) — 3
DWT 18514416v5 0025936-001472

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200 · 1201 Third Avenue
Seattle, Washington  98101-3045
(206)622-3150· Fax: (206) 757-7700

CERTIFICATE OF SERVICE

I certify that on November 11, 2011, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to *Pro Se* Plaintiff David Stebbins at this e-mail address: stebbinsd@yahoo.com.

DATED November 11, 2011.

>   Davis Wright Tremaine LLP
>   *Attorneys for Microsoft Corporation*
>
>   By *s/ John A. Goldmark*
>       John A. Goldmark, WSBA #40980
>       1201 Third Avenue, Suite 2200
>       Seattle, Washington  98101-3045
>       Telephone:  (206) 622-3150
>       Fax:  (206) 757-7700
>       E-mail:  johngoldmark@dwt.com

OPPOSITION TO MOTIONS FOR SANCTIONS, JUDGMENT ON THE PLEADINGS, & DEFAULT (C11-1362 JCC) — 4
DWT 18514416v5 0025936-001472

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200 · 1201 Third Avenue
Seattle, Washington  98101-3045
(206)622-3150·  Fax: (206) 757-7700