The Honorable John C. Coughenour

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| DAVID STEBBINS, ) | |
| ) | No. C11-1362 JCC |
| Plaintiff, ) | |
| ) | REPLY IN SUPPORT OF |
| v. ) | MICROSOFT'S MOTION |
| ) | TO DISMISS |
| MICROSOFT, INC., ) | |
| ) | *Note on Motion Calendar:* |
| Defendant. ) | November 25, 2011 |
| ) | |

## I.   ARGUMENT

With each document he files, David Stebbins further displays the frivolousness of his case. Mr. Stebbins's response [Dkt. 21] and replies in support of his various motions [Dkts. 28 & 29] advance meritless arguments and misrepresent facts to the Court. Because his complaint comes nowhere close to stating a "plausible" claim, the Court should dismiss it with prejudice.

*First*, Mr. Stebbins misrepresents facts. For example, Mr. Stebbins tells the Court *Stebbins v. Google* "was not dismissed" and the "District Court has still yet to either adopt or reject the report and recommendation." Resp. at 2 [Dkt. 21]. But on October 27, 2011—six days *before* Mr. Stebbins filed his response—the District Court in *Google* adopted the Magistrate Judge's findings and dismissed Mr. Stebbins's complaint with prejudice. Like the Magistrate, the District Judge found Mr. Stebbins's claim entirely without merit: "Because [Mr. Stebbins] has stated an indisputably meritless legal theory, and because [his] factual contentions are clearly baseless, the Court hereby DENIES [his] motion to confirm arbitration

REPLY ISO MOTION TO DISMISS (C11-1362 JCC) — 1
DWT 18568927v4 0025936-001472

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200 · 1201 Third Avenue
Seattle, Washington 98101-3045
(206)622-3150· Fax: (206) 757-7700

award and DISMISSES, with prejudice, the case for failure to state a claim and *as frivolous*." *Stebbins v. Google, Inc.*, 2011 U.S. Dist. LEXIS 125701, at *11–12 (N.D. Cal. Oct. 27, 2011) (emphasis added).[1]  In fact, Microsoft's motion to dismiss pointed this out, noting the District Court had issued an order adopting the Magistrate's recommended dismissal.  Mot. to Dismiss at 4, n.3 (citing both the *Google* "R&R [Dkt. 7] & Order [Dkt. 14]").

*Second*, Mr. Stebbins either misunderstands or ignores the law.  A motion to confirm an arbitration award under the FAA requires three things—all absent here:  (1) an agreement to arbitrate, (2) an arbitration, and (3) an award issued by the arbitrator.  *See* 9 U.S.C. § 9 (a party may apply to confirm an arbitration award only "[i]f the parties in their *agreement* have agreed that a judgment of the court shall be entered upon *the award* made pursuant to *the arbitration*") (emphasis added); *see also id.* § 13.  Indeed, Mr. Stebbins admits no arbitration occurred, claiming instead he "automatically win[s]" $1.5 trillion "without … even having to go to arbitration."  Compl. at 3.  As the District Judge in *Google* explained:

> It is fundamentally contradictory for [Mr. Stebbins] to assert the existence of an arbitration award on the basis of a contract clause that states that no arbitration proceeding is to take place, and no award need be entered.
>
> [Mr. Stebbins]'s factual contention that there is an arbitration award—i.e., an award pursuant to arbitration and subject to the FAA—is therefore "clearly baseless," frivolous, and subject to dismissal *sua sponte* by this Court.

2011 U.S. Dist. LEXIS 125701, at *11.  The FAA provides no basis for Mr. Stebbins's motion to confirm a nonexistent arbitration award, issued pursuant to an arbitration that never occurred, under an arbitration agreement the parties never made.

*Third*, Mr. Stebbins's antics obscure the fact that he has never identified anything Microsoft did to harm him or any wrong entitling him to *any* remedy, let alone a $1.5 trillion award.  The federal courts exist to resolve "cases and controversies," not provide a theater for grandstanding.  Mr. Stebbins's stunt wastes this Court's time and resources by manufacturing a dispute where none exists.

---

[1] As the plaintiff in *Google*, Mr. Stebbins presumably received notice and a copy of the District Court's Order.

REPLY ISO MOTION TO DISMISS (C11-1362 JCC) — 2
DWT 18568927v4 0025936-001472

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200 · 1201 Third Avenue
Seattle, Washington 98101-3045
(206)622-3150· Fax: (206) 757-7700

## II. CONCLUSION

The Court should dismiss Mr. Stebbins's complaint with prejudice, and if the Court deems it appropriate, issue sanctions against him sufficient to deter future frivolous filings.

DATED this 23rd day of November, 2011.

                Davis Wright Tremaine LLP
                Attorneys for Microsoft Corporation

            By  */s/ John A. Goldmark*
                Stephen M. Rummage, WSBA #11168
                John A. Goldmark, WSBA #40980
                1201 Third Avenue, Suite 2200
                Seattle, Washington  98101-3045
                Telephone: (206) 622-3150;
                Fax: (206) 757-7700
                E-mail:  steverummage@dwt.com
                E-mail:  johngoldmark@dwt.com

REPLY ISO MOTION TO DISMISS (C11-1362 JCC) — 3
DWT 18568927v4 0025936-001472

Davis Wright Tremaine LLP
LAWOFFICES
Suite 2200 · 1201 Third Avenue
Seattle, Washington  98101-3045
(206)622-3150· Fax: (206) 757-7700

CERTIFICATE OF SERVICE

I hereby certify that on November 23, 2011, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to *Pro Se* Plaintiff David Stebbins at this e-mail address: stebbinsd@yahoo.com.

DATED this 23rd day of November, 2011.

By *s/ John A. Goldmark*
John A. Goldmark, WSBA #40980

REPLY ISO MOTION TO DISMISS (C11-1362 JCC) — 4
DWT 18568927v4 0025936-001472

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200 · 1201 Third Avenue
Seattle, Washington 98101-3045
(206)622-3150· Fax: (206) 757-7700