The Honorable John C. Coughenour

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| DAVID STEBBINS,<br><br>               Plaintiff,<br><br>    v.<br><br>MICROSOFT, INC.,<br><br>               Defendant. | No. C11-1362 JCC<br><br>ORDER |

       This matter came before the Court on Defendant Microsoft Corporation's Motion to Dismiss for Failure to State a Claim (Dkt. No. 16), Plaintiff's response (Dkt. No. 21), and Defendant's reply (Dkt. No. 30).  Plaintiff has filed a series of additional motions, all generally based on the theory he advances in his complaint—that Microsoft has defaulted on an obligation to him incurred as a result of an arbitration agreement. The Court has considered the Motion and the materials submitted in support of and in opposition to the Motion.  The Court finds that Plaintiff's Complaint fails to state a claim on which relief can be granted.  The Court therefore GRANTS the Motion and directs the Clerk to enter judgment dismissing Plaintiff's claims with prejudice.

**I.       BACKGROUND AND DISCUSSION**

       Mr. Stebbins' complaint is a lively bit of theater evincing a mind that, if more rigorously applied to legal study, might someday earn fees or results commensurate with his

ORDER (C11-1362 JCC) — 1

ambitions. He claims that Microsoft Corporation owes him $1.5 trillion because he modified the terms of his Xbox Live contract to include an arbitration clause with a "forfeit victory clause," which stipulated that if Microsoft did not respond to a request for arbitration within twenty-four hours, Mr. Stebbins would "automatically win, regardless of the merits of the case." Mr. Stebbins submitted two arbitration requests for amounts totaling $1.5 trillion, Microsoft did not respond, and Mr. Stebbins sought to enforce the agreement and collect his money. Simple enough.

However, confirming an arbitration award is slightly more complex than Mr. Stebbins imagines. As Microsoft states, such a motion requires (1) an agreement to arbitrate, (2) an arbitration, and (3) an award issued by the arbitrator. *See* 9 U.S.C. § 9 (a party may apply to confirm an arbitration award only "[i]f the parties in their agreement have agreed that a judgment of the court shall be entered upon the award made pursuant to the arbitration"). Mr. Stebbins has not established that any of these requirements were met.

Primarily, Mr. Stebbins cannot demonstrate the existence of an agreement. It is true that many companies have contracts with consumers that allow the company to change the terms of the contract without further signed acceptance from the consumer. Before signing these contracts, consumers are given the opportunity to review and reject them. But the converse is not true. Generally, service and sales agreements do not allow a consumer to unilaterally alter the terms of the contract without acceptance from the company. Specifically, Mr. Stebbins has not shown that his Xbox live contract allowed for such an alteration. Accordingly, his claims are devoid of merit.

Mr. Stebbins raises legitimate questions about the disparate negotiating power between some companies and their customers. For that reason, the Court will not sanction him for his frivolous lawsuit. But his use of this forum to raise these questions is not legitimate. His complaint is wildly untethered from any valid interpretation of contract and arbitration law and time spent dealing with Mr. Stebbins' filings prevents the Court from addressing the genuine, vexing problems that people trust the Court to resolve quickly and fairly. For that reason, the

Court will sanction him next time he files a similarly frivolous complaint.

## II. CONCLUSION

For the foregoing reasons, Defendant's motion to dismiss is GRANTED. (Dkt. No. 16.) This case is DISMISSED with prejudice, and the Clerk is directed to CLOSE the case. Plaintiff's outstanding motions are DENIED as frivolous. (Dkt. Nos. 18, 19, 22, 24.)

DATED this 13th day of January 2012.

_____

John C. Coughenour
UNITED STATES DISTRICT JUDGE

ORDER (C11-1362 JCC) — 3