THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| DAVID STEBBINS,<br><br>                    Plaintiff,<br><br>          v.<br><br>MICROSOFT INC.,<br><br>                    Defendant. | CASE NO. C11-1362-JCC<br><br>ORDER |

This matter comes before the court on Plaintiff's motion for reconsideration. (Dkt. No. 39.) Western District of Washington CR 7(h)(1) provides the standard for motions for reconsideration:

> Motions for reconsideration are disfavored. The court will ordinarily deny such motions in the absence of a showing of manifest error in the prior ruling or a showing of new facts or legal authority which could not have been brought to its attention earlier with reasonable diligence.

Plaintiff argues that the Court committed manifest error by not considering his "time-barred" argument. The essence of Plaintiff's "time-barred" argument is that a party who seeks to vacate an arbitration award pursuant to RCW 7.04A.230(1) must do so within 90 days. Plaintiff argues that this time bar applies even to challenges to the existence on an arbitration award. *See MBNA Am. Bank, NA v. Miles*, 164 P.3d 514, 515 (Wash. Ct. App. 2007). Because Microsoft did not move to vacate the award within 90 days, Plaintiff argues, they are time-barred

1  from doing so now.

2      There are two problems with this argument. The first is that the court in Miles confirmed
3  the existence of a valid arbitration agreement before applying the statute. *Id.* ("MBNA responds
4  that the trial court correctly confirmed the arbitration award and added interest charges. An
5  arbitration agreement did indeed exist.") A court is not, contrary to what Plaintiff believes,
6  prohibited from examining the validity of an arbitration agreement. In this case, the Court
7  determined that there was no arbitration agreement (Dkt. No. 37 at 2) and *Miles* is therefore
8  inapposite.

9      The second problem is that Defendant Microsoft is not moving to vacate the award
10  pursuant to RCW 7.04A.320. It is moving to dismiss the motion to enforce pursuant to FRCP
11  12(b)(6) on the grounds that Plaintiff's contract-law arguments are specious. A time bar in RCW
12  7.04A.320 is therefore irrelevant. Plaintiff's motion for reconsideration is DENIED. (Dkt. No.
13  39.)

14      DATED this 2nd day of March 2012.

*(signature)*

John C. Coughenour
UNITED STATES DISTRICT JUDGE

ORDER
PAGE - 2